**CID ENTERPRISES, INC, et al., Plaintiffs—Appellants,**

v.

**WALLOWA FOREST PRODUCTS, LLC, Defendant—Appellee.**

**CID ENTERPRISES, INC, et al., Plaintiffs—Appellees,**

v.

**WALLOWA FOREST PRODUCTS, LLC, Defendant—Appellant.**

No. 00–35927, 00–35941.

D.C. No. CV–99–03071–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided July 1, 2002.

---

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA,* District Judge.

MEMORANDUM **

Plaintiffs, Cynthia Barnedt and CID Enterprises, challenge, under 42 U.S.C. § 1981, a decision by Wallowa Forest Products, a lumber company, to award a logging contract for work on the Yakama reservation to a Yakama-owned business, pursuant to tribal law. The district court held that plaintiffs' claims failed under § 1981 because that section does not cover discrimination based on national origin. On reconsideration, the district court rejected plaintiffs' arguments that they were discriminated against based on race, ethnicity, or ancestry, concluding that the arguments were untimely and failed on the merits. The district court also rejected defendant's request for attorney fees under 42 U.S.C. § 1988. We affirm.

The district court correctly held that 42 U.S.C. § 1981 does not prohibit national origin discrimination. *See Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Pavon v. Swift Transp. Co., Inc.,* 192 F.3d 902, 908 (9th Cir.1999). Moreover, the district court did not abuse its discretion in declining to consider plaintiffs' new arguments, raised for the first time in a motion for reconsideration, that the tribal affiliation discrimination they experienced was race, ethnicity, or ancestry discrimination. *See Rosenfeld v. United States Dep't of Justice,* 57 F.3d 803, 811 (9th Cir.1995) (holding that a "district court [does]

0008abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse"). Similarly, as plaintiffs' arguments based on two federal regulations were untimely, the district court did not abuse its discretion in rejecting those arguments. *Id.; see also N.W. Acceptance Corp. v. Lynnwood Equipment, Inc.,* 841 F.2d 918, 925–26 (9th Cir.1988).

The district court was correct in finding that plaintiffs made a reasonable, good faith argument to extend our holding in *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.,* 154 F.3d 1117 (9th Cir.1998) to include § 1981 claims against private actors based upon tribal affiliation discrimination. Plaintiffs' action, therefore, was not "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994) (citation and internal quotation marks omitted). For that reason, we find that the district court did not abuse its discretion in rejecting defendant's request for attorney fees under 42 U.S.C. § 1988.

AFFIRMED.

---

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.